■ D. B. Smith & Company, Inc., Appellant, v R. E. Chapin Manufacturing Works, Inc., Respondent. (Appeal No. 1)—Judgment unanimously modified by reinstating in part the third cause of action and, as modified, affirmed, without costs, in accordance with the following memorandum: The court properly dismissed the first cause of action, to wit, for anticipatory breach of contract. A fair interpretation of the contract grants to defendant the right to cancel it at any time upon 18 months' written notice to plaintiff. The court also properly reinstated the second cause of action for an injunction against defendant's acts resulting in unfair competition with plaintiff. The issues presented by this cause of action were not tried, and questions of fact exist as to whether defendant complied with the contract provisions concerning price increases and whether defendant unreasonably delayed shipments of goods to plaintiff. The court erred, however, in dismissing all of the third cause of action and denying plaintiff's motion to reinstate it in any respect. Although the court correctly dismissed that cause of action insofar as it claimed damages for defendant's failure to provide plaintiff's requirements after defendant terminated the contract, issues of fact exist, which were not tried, as to whether defendant fairly adjusted its prices and supplied goods to plaintiff on an "uninterrupted good faith basis" and, if defendant did not, whether failure to perform the contract in such respects resulted in damages to plaintiff. To that extent the third cause of action is reinstated. Questions of fact also exist which justify the order of July 19, 1974 denying partial summary judgment of rescission. On the record defendant has not shown a breach of contract by plaintiff entitling it to a rescission thereof. The court correctly admitted exhibit No. 44 *nunc pro tunc.* It was based on other exhibits in evidence and a stipulation. This ruling is without prejudice to the trial court ruling on the question anew upon the trial of the second and third causes of action. Finally the order entered upon the motion for a protective order against plaintiff's demand for disclosure should be modified by denying disclosure of Items Nos. four, five and six of the demand, as immaterial to the second and third causes of action. The order should otherwise be affirmed. Appeal from judgment of Oneida Supreme Court—contract action.) Present—Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ.

■ D. B. Smith & Company, Inc., Respondent-Appellant, v R. E. Chapin Manufacturing Works, Inc., Appellant-Respondent. (Appeal No. 2)—Order unanimously modified in accordance with same memorandum as in *Smith Co. v Chapin Mfg. Works* (55 AD2d 1023) and, as modified, affirmed. (Appeals from order of Oneida Supreme Court—motion to modify judgment.) Present —Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ.